IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Criminal Action No. 4:24-CR-00126-P |
| § | |
| CHRISTOPHER REINHARD BROWN (01) § | |
| § | |
| Defendant. § | |

**ORDER**

Defendant's motion for continuance dated May 30, 2024—which the government does not oppose—is **granted**, and the trial of this case is reset to **Monday, August 5, 2024** at **9:00 a.m.**

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the court can grant an "ends of justice" continuance at the request of the Defendant or the Defendant's attorney if the court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. One of the factors the court may consider in granting an "ends of justice" continuance is "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

For the reasons set out in Defendant's motion, the court finds that (1) the ends of justice served by the granting of a trial continuance outweigh the best interests of the public and the defendant in a speedy trial; (2) the failure to grant a continuance in this case would deny Defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (3) taking into account the exercise of due diligence by defense

counsel, a continuance of the duration granted by this order is necessary for effective preparation by defense counsel.

Except as provided in this paragraph, Defendant's pretrial motions must be filed no later than **July 15, 2024**. Defendant shall not file a (1) motion to compel; (2) motion for discovery; (3) motion for disclosure; or (4) motion for production unless (i) Defendant previously submitted a written request seeking the desired discovery, disclosure, or production that expressly specifies the date and time when Defendant is available to receive and review the discoverable, disclosable, or producible information or items in or through the United States Attorney's Office for the Northern District of Texas; and (ii) the government has failed to comply with the request. The government must respond in writing to any request made in accordance with this paragraph within seven (7) days of receiving the request. The government's written response must state either that the government (1) will provide the desired discovery, disclosure, or production pursuant to the Defendant's request, or (2) will not provide the desired discovery, disclosure, or production, citing the legal or policy bases for the government's decision. *See, e.g.*, FED. R. CRIM. P. 16, 26.2, FED. R. EVID. 806, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), 18 U.S.C. App. 3, §§ 1-14. Lack of actual possession of an item by the government will not be accepted as a reason for non-production if the government can obtain possession of the item or, if copiable, a copy of the item upon the government's request. If the government does not comply with such request, the defendant will be permitted to file a (1) motion to compel; (2) motion for discovery; (3) motion for disclosure; or (4) motion for production. Any such motion must be accompanied by copies of any pertinent requests that were previously served by the movant and verification as to service of each such request and the results of the efforts to obtain the desired discovery, disclosure, or production pursuant to each such request.

The government must file a written designation of its expert witnesses, if any, no later than **July 15, 2024**. Each defendant must file a written designation of his or her expert witnesses, if any, no later than **July 22, 2024**. Each designation must contain a brief statement of the subject matter to be covered by each expert witness. Any motions challenging these designations—including challenges arising under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), or *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167 (1999)—must be filed by the deadline for filing pretrial motion established in this Order.

Notwithstanding Local Criminal Rule 16.1-1, a set of copies of all copiable exhibits that a party intends to offer at trial, except those offered solely for impeachment, must be bound in three-ring binders and exchanged with all other parties no later than 12:00 noon on the Friday prior to trial; and a like set must be delivered to the courtroom at the time of jury selection. *See* http://www.txnd.uscourts.gov/judge/judge-mark-pittman.

Each exhibit must be labeled prior to trial by a label containing the identity of the offering party, the exhibit number, and the cause number; originals and copies must be clearly designated and distinguishable.

Notwithstanding Local Criminal Rule 16.1-2, the parties must file with the Clerk and deliver to all other parties and the court reporter, separate lists of exhibits and witnesses, except those offered solely for impeachment, no later than 12:00 noon on the Thursday prior to trial. The witness lists to be filed by the parties must list all witnesses—including timely designated expert witnesses—the party may call at trial and contain a brief statement of the subject matter to be covered by each witness.

Counsel for the United States of America shall deliver to counsel for defendant by **July 29, 2024**, a copy of its proposed Court's charge to the jury.

Counsel for defendants shall deliver to counsel for the United States of America by **July 30, 2024**, (i) a statement, prepared with specificity, of any objection his or her client had to any part of the proposed charge counsel for United States of America has delivered pursuant to this paragraph and (ii) the text of all additional instructions his or her client wishes to have included in the court's charge to the jury. Each objection and each additional instruction shall be accompanied by citations to authorities supporting defendant's objection or request.

By **10:00 a.m. on July 31, 2024**, the lead attorneys for the parties to this action shall meet face-to-face in the office of the United States Attorney for the purposes of (i) discussing, and trying to resolve, differences between the parties as to language to be included in the Court's charge to the jury and (ii) identifying areas of disagreement that cannot be resolved. The meeting shall be held for a sufficient length of time for there to be a meaningful discussion of all areas of disagreement and a meaningful attempt to accomplish agreement. Each attorney shall cooperate fully in all matters related to the meeting.

By **2:00 p.m. on July 31, 2024**, counsel for United States of America shall file a document titled "Agreed Charge," which in a single document shall contain, in logical sequence, all language to be included in the charge, including jury instructions and jury questions, about which the parties do not have disagreement and all language either party wishes to have included in the charge about which there is disagreement.

**SO ORDERED**.

June 3, 2024.

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE